The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on July 27, 2016, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: July 27, 2016**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 12-13983 |
| | ) | |
| ROBERT L. WILLIAMS, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

This case is currently before the Court on the debtor's request for damages stemming from creditor Halon, LLC's filing a tax foreclosure action against the debtor and the debtor's property in violation of the automatic stay. For the reasons that follow, the Court orders Halon, LLC to pay the debtor attorney's fees in the amount of $1,718.75. The Court declines to award punitive damages at this time but may reconsider such an award if Halon, LLC does not pay the attorney's fees

---

[1] This opinion is not intended for official publication.

within 30 days of the date of this order.

JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

BACKGROUND

Prior to the instant case, the debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code that was dismissed on May 4, 2012 (Case No. 12-12300, Docket No. 9). On May 24, 2012, the debtor filed the above-captioned voluntary petition for relief under Chapter 13 of the Bankruptcy Code along with a motion to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B) (Docket No. 7). The debtor's motion to extend the automatic stay was not opposed and was granted on June 20, 2012 (Docket No. 13). The debtor's Chapter 13 plan was confirmed on August 2, 2012 (Docket No. 16).

On November 3, 2015, without filing for relief from stay, Halon, LLC initiated a tax foreclosure action against the debtor and the debtor's property at 11805 Imperial Avenue, Cleveland, Ohio (Cuyahoga County Common Pleas Court Civil Case No. 853700). In its complaint, Halon, LLC asserts that the Cuyahoga

County Treasurer sold the 2006 lien year tax certificate for 11805 Imperial Avenue, parcel number "129-26-026" to Capitalsource Bank FBO Aeon Financial, LLC on or about May 23, 2008, pursuant to Ohio Revised Code §§ 5721.32-.33. Halon, LLC also asserts that the tax certificate was then transferred Halon, LLC on or about August 21, 2015. A preliminary judicial report appended to the foreclosure complaint included the debtor's bankruptcy case, noted that the case is pending, and further noted that the debtor's address matches the property tax mailing address.

On November 25, 2015, the debtor filed a Motion for Order to Appear and Show Cause upon creditor Halon, LLC asserting that the creditor violated the automatic stay by filing the state foreclosure action (Docket No. 95). The Court held a hearing on the debtor's motion for an order to appear and show cause on January 21, 2016. The creditor did not appear at the hearing. Nor did the creditor file anything in response to the debtor's motion. The Court granted the debtor's motion and ordered Halon, LLC to appear on June 2, 2016, and show cause why its actions did not violate the automatic stay provisions of Bankruptcy Code § 362. The creditor did not appear at this hearing and did not file anything in response to the debtor's motion. On June 3, 2016, the Court issued a scheduling order for the debtor to submit a detailed fee application and itemize any other claim for

3

damages under 11 U.S.C. § 362(k) on or before June 16, 2016 (Docket No. 114). On June 6, 2016, the debtor filed an application for compensation, requesting both attorney's fees and punitive damages (Docket No. 116). Halon, LLC was given until June 30, 2016, to file an optional response. Both parties were given until July 15, 2016, to file a request for an evidentiary hearing. Halon, LLC did not file a response, neither party requested a hearing, and the matter was taken under advisement.

## DISCUSSION

The Court may impose damages for violation of the automatic stay under 11 U.S.C. § 362. The filing of a bankruptcy petition gives rise to the automatic stay of "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). Subsection 362(k)(1) (formerly subsection 362(h) prior to the 2005 bankruptcy amendments) provides:

> . . . an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

A creditor willfully violates the stay if the creditor knows of the stay and violates the stay with an intentional act. *See In re Sharon,* 234 B.R. 676, 687-88 (B.A.P. 6th Cir. 1999) (upholding a bankruptcy court's imposition of damages

4

against a creditor that refused to return a repossessed car postpetition). *See also In re Grine*, 439 B.R. 461, 466 (Bankr. N.D. Ohio 2010). "A 'willful violation' does not require proof of a specific intent to violate the stay, but rather 'an intentional violation by a party aware of the bankruptcy filing.'" *In re Baer*, 2011 WL 3667511, *4 (Bankr. E.D. Ky. 2011) (quoting *In re Sharon*, 234 B.R. at 687).

Under 11 U.S.C. § 362(k)(1), the individual seeking damages has the burden of establishing three elements by a preponderance of the evidence: (1) the actions taken were in violation of the automatic stay; (2) the violation was willful; and (3) the violation caused actual damages. *See In re Collett*, 2014 WL 2111309, *4 (B.A.P. 6th Cir. 2014) (slip copy) (citations omitted). *See also In re Swartzentruber*, 2014 WL 2930450, *1 (Bankr. N.D. Ohio 2014); *In re Pawlowicz,* 337 B.R. 640 (Bankr. N.D. Ohio 2005). Under § 362(k), damages must be proven with reasonable certainty and cannot be based on conjecture or speculation. *See Archer v. Macomb County Bank (In re Archer)*, 853 F.2d 497, 499-500 (6th Cir. 1988). As the party seeking damages, the debtor has the burden of proving entitlement to damages. *In re Sharon*, 234 B.R. at 687.

The Court must decide: (1) whether the creditor's actions constitute a violation of section 362; (2) if the creditor has violated section 362, whether such

5

violation was "willful"; and (3) whether the debtor is entitled to damages, including attorney's fees.

### THE CREDITOR VIOLATED THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 BY FILING A TAX FORECLOSURE ACTION WITHOUT FIRST OBTAINING RELIEF FROM STAY

The Court's first inquiry is whether the creditor's actions violated the automatic stay. The filing of the debtor's voluntary petition operates as a stay of "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). The debtor asserts that the creditor violated the automatic stay by filing a tax foreclosure action without first obtaining relief from stay.

Schedule A of the debtor's voluntary petition shows that, on the date the petition was filed, the debtor owned a fee simple interest in real estate located at 11805 Imperial Avenue, Cleveland, Ohio. Additionally, Schedule D of the debtor's voluntary petition listed the Cuyahoga County Treasurer as holding a secured claim against the debtor for taxes owed on the real estate located at 11805 Imperial Avenue for years 2010-2012 under account number "129-26-026." Because the debtor owned the 11805 Imperial Avenue property at the time the petition was filed, this property was part of the bankruptcy estate. 11 U.S.C. § 541(a)(1). Additionally, the tax arrearage owed to the Cuyahoga County Treasurer was provided for under the Chapter 13 plan that was confirmed by the

6

Court on August 2, 2012. (Docket No. 16). The stay arose when the petition was filed on May 24, 2012, and was extended – despite the debtor's previously dismissed Chapter 13 case – by order of the Court pursuant to 11 U.S.C. § 362(c)(3)(B). The stay remained in effect on November 3, 2015, when Halon, LLC filed the foreclosure action without first obtaining relief from stay. Therefore, the foreclosure action filed by Halon, LLC was an act to enforce their tax lien on property of the estate in violation of 11 U.S.C. § 362(a)(4). *See Barclay v. Reimer & Lorber Co. LPA (In re Barclay)*, 337 B.R. 728, 2006 WL 238139, at *5 (B.A.P. 6th Cir. 2006) (table) ("An allegation that the appellees commenced foreclosure actions against the debtor's real property in state court after her bankruptcy filing indicates that a stay violation may have occurred.").

*THE CREDITOR'S VIOLATION OF THE STAY WAS "WILLFUL"*

"A violation of the automatic stay can be willful when the creditor knew of the stay and violated the stay by an intentional act." *In re Sharon,* 234 B.R. at 688. "As used in [current subsection 362(k)], 'willful,' unlike many other contexts, does not require any specific intent." *In re Bivens*, 324 B.R. 39, 42 (Bankr. N.D. Ohio 2004). *See In re Sharon*, 234 B.R. at 687-88 (creditor's belief that its action would not violate stay does not preclude a finding that creditor's

7

action was "willful" within meaning of section 362(k)). *See also Johnston Envtl. Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 618 (9th Cir. 1993); *Lansdale Family Rests., Inc. v. Weis Food Serv. (In re Lansdale Family Rests., Inc.)*, 977 F.2d 826, 829 (3d Cir. 1992). The debtor bears the burden of establishing by a preponderance of the evidence that the violation of the automatic stay was willful. *See In re Johnson,* 501 F.3d 1163, 1172 (10th Cir. 2007).

The debtor attached a copy of the state foreclosure complaint to his Second Addendum to the Motion for Order to Appear and Show Cause (Docket No. 109). The preliminary report attached to the foreclosure complaint shows that the creditor was on notice of the debtor's pending bankruptcy case. If the creditor was unsure whether the Robert L. Williams it was suing was the same Robert L. Williams whose bankruptcy case was identified in the judicial report, it was incumbent upon the creditor to make further inquiry before filing the foreclosure case. Therefore, the creditor's violation of the automatic stay was willful.

### *THE DEBTOR IS ENTITLED TO ACTUAL DAMAGES FOR THE CREDITOR'S VIOLATION OF THE AUTOMATIC STAY*

An award of actual damages is mandatory if the stay violation is willful. *In re Bivens*, 324 B.R. at 42; *In re Johnson,* 253 B.R. 857, 861 (Bankr. S.D. Ohio 2000). *See United States v. Harchar*, 331 B.R. 720 (N.D. Ohio 2005) (costs and

8

12-13983-aih    Doc 121    FILED 07/27/16    ENTERED 07/27/16 14:43:50    Page 8 of 10

attorney's fees are regularly awarded as actual damages for violation of the stay); *In re Sharon*, 234 B.R. at 687-88 (upholding a bankruptcy court's imposition of damages against a creditor for violation of the automatic stay). The debtor filed a fee application seeking $1,718.75 in attorney's fees as well as punitive damages. (Docket No. 116). Because there was no objection to this fee application and these fees appear to be reasonable, the Court awards the debtor $1,718.75 in attorney's fees.

A party injured by a willful violation of the stay may recover punitive damages in appropriate circumstances; the debtor must show that the "creditor's conduct was 'egregious, vindictive, or intentionally malicious.' " *In re Bilfield*, 494 B.R. 292, 304 (Bankr. N.D. Ohio 2013) (quoting *In re Bivens,* 324 B.R. at 42). *See also Weary v. Poteat*, 627 F. App'x 475, 477 (6th Cir. 2015) ("[t]his, frankly, is the most egregious automatic stay case that I've heard since I've been on the bench and I've been on the bench a long time") (quoting the bankruptcy court transcript at page 16). "While proof of an overt wrongful intent is not required, it must be shown that the creditor acted in bad faith or otherwise undertook its actions in reckless disregard of the law." *Bivens*, 324 B.R. at 42. An award of punitive damages is within the bankruptcy court's discretion where actual damages are an insufficient deterrent to further violations. *See Archer*,

9

853 F.2d at 500.

The Court declines to award punitive damages at this time. Imposing punitive damages on a creditor "is not an action to be taken lightly." *Bivens*, 324 B.R. at 42. The creditor's conduct in this case, although willful, does not appear to have been egregious, vindictive, or intentionally malicious. Furthermore, the Court believes that the award of actual damages is sufficient to deter future violations of the automatic stay. *See Archer*, 853 F.2d at 500. Thus, the Court declines to award punitive damages, provided the creditor promptly pays the attorney's fees ordered in this case.

## CONCLUSION

For the reasons stated above, the Court orders Halon, LLC to pay the debtor attorney's fees in the amount of $1,718.75. The Court declines to award punitive damages at this time but may reconsider such an award if Halon, LLC does not pay the attorney's fees within 30 days of the date of this order.

IT IS SO ORDERED.